Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1054 | **DATE** | 4/25/2002 |
| **CASE TITLE** | Angel Lark vs. J.C. Penney Company, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons stated in the attached Memorandum Opinion and Order, the plaintiff's motion to remand is denied. [Doc. # 4].
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 3 0 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| X | Docketing to mail notices. | | | 12 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| vg(lc) | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice  mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Angel Lark, | |
| Plaintiff, | No. 02 C 1054 |
| v. | HONORABLE DAVID H. COAR |
| J.C. Penney Company, Inc., | |
| Defendant. | |

APR 30 2002

APR 30 2002

## MEMORANDUM OPINION AND ORDER

Before this court is plaintiff's, Angel Lark ("Lark" or "plaintiff") motion to remand this matter to Circuit Court of Cook County, Law Division pursuant to 28 U.S.C. 1447(c). For the following reasons, the plaintiff's motion is denied.

### Background

On December 27, 2001, Lark filed a complaint in the Circuit Court of Cook County, Illinois, alleging negligence (Count I), negligent hiring (Count II), imputed negligence (Count III), assault and battery (Count IV), and false arrest and imprisonment (Count V). On February 13, 2002, defendant, J.C. Penney Company, Inc. ("J.C. Penney"), filed a Notice of Removal pursuant to 28 U.S.C. 1447(c), based on diversity of citizenship and amount in controversy in excess of the jurisdictional amount.

On March 8, 2002, the plaintiff filed a Motion to Remand to the Circuit Court of Cook County. On March 14, 2002, this court held a hearing on plaintiff's Motion to Remand. This

1

court denied the portion of the plaintiff's Motion which was based on diversity of citizenship and ordered the parties to brief the issue of the amount in controversy.

## Discussion

The plaintiff argues that he sought an uncertain amount of relief in his complaint, and therefore, his lawsuit does not meet the federal jurisdictional requirements under 28 U.S.C. §1332(a). This court disagrees.

Generally a case that could have been originally brought in the district court is removable upon petition. (Cite). Title 28 Section 1441 provides that "any civil action brought in a State of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Title 28 Section 1332 provides that a district court has original jurisdiction if an action is between citizens of different States and the amount in controversy exceeds $75,000.

Further, in the Seventh Circuit, the federal court in a removal action determines the amount in controversy by merely looking at plaintiff's state court complaint. Shaw v. Dow Brands, Inc., 994 F.2d 364, 366 (7th Cir. 1993). And for the purposes of determining the amount in controversy, the plaintiff is in the best position to know how much her claim is worth, and courts should deem plaintiff's request for damages to have been made in good faith. Id. at 367.

In this case, Lark's complaint plainly states that the amount in controversy is greater than $75,000. Specifically, the plaintiff prayed for punitive damages in excess of $250,000 in three counts of her state court complaint. Now, however, the plaintiff claims that "the prayer for punitive damages was made in error" and that "no one can say for sure what damages the

evidence in this case will support because no one know enough about what the evidence will show." (Plaintiff's Reply to Defendant's Response in Opposition to Plaintiff's Motion To Remand, pgs. 1-2). Such an argument, however, is untenable. J.C. Penney does not have the burden of piercing the plaintiff's complaint in order to determine whether the amount of relief sought by the plaintiff is actually the amount recoverable. Finally, as noted by the Shaw Court, "[i]t seems unfair to defendants if a plaintiff can simply wait to see if her case is removed and then, once it is, have it sent back to state court by agreeing to a stipulation that the amount in controversy will not surpass [the jurisdictional amount]." Shaw, 994 F.2d at 366.

## Conclusion

For the foregoing reasons, the plaintiff's motion to remand is denied.


Enter:

_____

David H. Coar

United States District Judge


Dated: April 25, 2002

3